# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH P. SANFORD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 11-0688-CV-W-DGK-P |
| BILL BURGESS, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Joseph P. Sanford, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 1, 2011, seeking to challenge his 2007 conviction and sentence for driving while intoxicated ("DWI"), which was entered pursuant to a guilty plea in the Circuit Court of Newton County, Missouri.

The petition raises four grounds for relief: (1) that the initial stop of petitioner, which led to his guilty plea, was in violation of the Fourth Amendment; (2) that petitioner received ineffective assistance of plea counsel; (3) that there was an insufficient factual basis for his guilty plea; and (4) that a "manifest injustice" has occurred. Respondent contends that grounds 1, 2, and 4 are procedurally defaulted, and that ground 3 is without merit.

## SUMMARY OF THE FACTS

Petitioner was charged by Information on October 11, 2007 with DWI. (Respondent's Exhibit B, pg. 12). On October 29, 2007, he submitted a Petition to Enter Plea of Guilty in the Circuit Court of Newton County, Missouri. (Pp. 13-15). The Circuit Court advised counsel for petitioner that petitioner was charged as a "chronic" offender, because he had four previous DWI

convictions on his record. (Pg. 21). The Circuit Court then conducted a direct examination of petitioner, having him recall the day in question that formed the basis for the Information. (Pg. 22). Petitioner described the car he drove and the general circumstances, and agreed with the Judge that he had consumed roughly a "six-pack" of beer. (Pg. 23). The prosecutor then described what the evidence of petitioner's intoxication would be at trial. This included petitioner's failure of several field sobriety tests. (Pg. 23-24). The Circuit Court found that a factual basis for petitioner's guilty plea existed, (pg. 24), and then advised petitioner of his rights, were he to proceed to a trial by jury instead of pleading guilty. (Pp. 27-28). The Circuit Court then accepted petitioner's guilty plea. (Pp. 28).

On February 23, 2008, petitioner filed a Missouri Supreme Court Rule 24.035 motion (a "Rule 24.035 motion") in the Newton County Circuit Court, challenging his guilty plea. (Pp. 35). An amended Rule 24.035 motion was filed by appointed counsel on July 7, 2008. (Pp. 41). This motion was limited to claims of 1) ineffective assistance of plea counsel, and 2) an insufficient factual basis for the guilty plea. (Pp. 42-44). After an evidentiary hearing, the Circuit Court denied petitioner's Rule 24.035 motion. (Pg. 49). Petitioner appealed the denial of his Rule 24.035 motion to the Missouri Court of Appeals, but, on appeal, raised only his claim that there was an insufficient basis for the guilty plea. (Respondent's Exhibit D). The Missouri Court of Appeals affirmed the Circuit Court's denial of petitioner's Rule 24.035 motion.

Petitioner then filed a state petition for a writ of habeas corpus in the Circuit Court of Buchanan County, Missouri, in which he alleged that the initial stop and seizure of his person was in violation of the Fourth Amendment. (Respondent's Exhibit H). However, the Circuit Court denied the habeas petition because any Fourth Amendment claim had been waived by petitioner when he

-2-

pled guilty, and because the argument lacked merit. See "Order and Judgment" at end of respondent's Exhibit H (no page number given).

Petitioner now seeks a federal writ of habeas corpus.

## **GROUNDS ONE, TWO, AND FOUR - PROCEDURAL DEFAULT**

In his first ground for relief, petitioner contends that he was "unlawfully seized" by police officers on the day that he was driving while intoxicated. In ground two, petitioner contends that plea counsel was ineffective. Ground four is simply titled "Manifest Injustice," and further discusses, *inter alia*, the ineffectiveness of plea counsel. Respondent correctly notes that none of these grounds were raised on appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 motion.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner defaulted grounds 1, 2, and 4 by not raising them on appeal from the denial of his Mo. Sup. Ct. 24.035 motion. As the Missouri Supreme Court has stated, "in all but the most exceptional circumstances, if the defendant fails to raise such claims in post-conviction proceedings, the defendant waives them and cannot raise them in a subsequent

-3-

petition for [state] habeas corpus." State ex rel. Green v. Moore, 131 S.W.3d 803, 805 (Mo. 2004) (en banc) (internal quotation and citation omitted). Therefore, although petitioner raised ground 1 - his Fourth Amendment claim - in his state habeas corpus petition, he nonetheless defaulted his claim by not raising it on Rule 24.035 appeal ("post-conviction proceedings").[1] Additionally, grounds 1, 2, and 4 do not satisfy any of the "exceptional circumstances" described by the Missouri Supreme Court which could excuse petitioner's default. Id.

Because petitioner's grounds are procedurally defaulted, they may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750 (1991). The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner argues that he wanted to raise grounds one and two on appeal from the denial of his Mo. Sup. Ct. Rule 24.035 motion, but that his "counsel . . . simply refused to raise any issue except the factual basis for the plea [ground 3]." (Petition, Doc. No. 1, pg. 6 of court-approved forms). He also argues that post-conviction counsel at the evidentiary hearing "failed to request attendance of witnesses listed in the Amended Motion," which precluded the Fourth Amendment claim from being fully litigated. (Doc. No. 1, pg. 14).

Petitioner essentially disagrees with the actions of his attorneys. However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation. . ." Coleman, 501 U.S. at 753. "So long as a

---

[1] Further, the Buchanan County Circuit Court noted in disposing of petitioner's Fourth Amendment claim that he had waived the claim by pleading guilty. (Respondent's Exhibit H).

-4-

defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id. at 752 (citation omitted). Additionally, because petitioner had no constitutional right to post-conviction counsel, he cannot make the showing required by Strickland. Id. at 752. Therefore, regardless of the propriety of the actions of petitioner's post-conviction attorneys, their actions are attributable to him, and petitioner has procedurally defaulted grounds 1, 2, and 4.

Finally, although the Court need not address the propriety of the attorneys' actions, it appears that they were acting strategically, and simply focusing on arguments that were more likely to succeed. Both were likely aware that petitioner waived any right to claim a Fourth Amendment violation by pleading guilty. Cf. Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked"). They were both likely aware of the high bar which must be overcome to prove ineffective assistance of counsel.[2] As for appellate counsel raising fewer claims on appeal than petitioner requested, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (citation omitted).

Petitioner has failed to show cause for his procedural default. Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claims if he can show that he is "probably actually

---

[2]See Strickland v. Washington, 466 U.S. 668 (1984).

-5-

innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). However, nothing in the record shows that petitioner is probably actually innocent.

Petitioner has failed to show cause for the default of his first, second, and fourth grounds for relief. He also has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of these grounds is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.[3]

Grounds 1, 2, and 4 are denied.

## GROUND 3

In his third ground for relief, petitioner contends that the factual basis of his guilty plea was insufficient. On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 motion, the Missouri Court of Appeals disposed of this claim as follows:

> Joseph P. Sanford [] appeals the denial of his amended Rule 24.035 n.1 motion to set aside his guilty plea to the crime of driving while intoxicated. *See* section 577.010. [Petitioner]'s sole point on appeal alleges the trial court "lacked a factual basis to accept [petitioner]'s guilty plea[.]" Petitioner claims no factual basis for the crime was established because: 1) he was not asked whether he agreed with the State's recitation of its anticipated evidence; and 2) "the facts that caused [petitioner] to say he was guilty were that he, 'knowingly drove a vehicle in Newton County MO w/4 prior alcohol related convictions[.]'" Because the record reveals a factual basis for

---

[3]As a final note, petitioner's fourth ground does not provide cause for his default. Petitioner claims that a "manifest injustice" has occurred. (*See* Doc. No. 1, pp. 23-24). Specifically, he claims that his plea counsel did not adequately investigate the case, because petitioner had little or no money to pay counsel. However, petitioner failed to raise the issue of ineffective assistance of counsel in state court. Further, by pleading guilty, petitioner waived his Fourth Amendment search and seizure claim. See Marbry, 467 U.S. at 508; see also Green, 131 S.W.3d at 805 (noting that plea of guilty waives all non-jurisdictional defects and defenses, save for those claims showing the trial court had no jurisdiction to enter sentence).

petitioner's guilty plea, we affirm the denial of post-conviction relief.

> n.1 Unless otherwise indicated, all rule references are to Missouri Court Rules (2009) and all statutory references are to RSMo 2000.

Our review of a denial of post-conviction relief usually involves a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. ***Woods v. State***, 176 S.W.3d 711, 712 (Mo. banc 2005). But in this case, while the motion court entered written findings of fact and conclusions of law addressing other claims [petitioner] had asserted in his amended motion, none addressed the one claim [petitioner] now carries forward on appeal. Although such an omission would generally result in our remanding the matter to the motion court with a direction that it make the omitted findings, *see*, *e.g.*, ***Weekley v. State***, 265 S.W.3d 319, 322 (Mo. App. S.D. 2008), we agree with both parties' assertion that no such remand is necessary here because we may resolve the issue as a matter of law by reviewing the record of [petitioner]'s guilty plea. n.2 *See id.* ("no findings are required where the only issue is one of law") (citation omitted).

> n.2 [Petitioner] presented no evidence in regard to this claim at the motion hearing. Instead, motion counsel stated: "Judge, I believe that's all the witnesses I would call. The remaining argument in these is more of a legal issue about whether or not there's an adequate factual basis. But I don't intend that-that you can determine from the record, from the guilty plea transcript."

Rule 24.02(e) mandates that a trial court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." To establish the necessary factual basis,

> [e]very element of the crime need not be explained to the defendant, as long as he understands the nature of the charge. State v. Taylor, 929 S.W.2d 209, 217 (Mo. banc 1996). Moreover, the factual basis does not have to be established from the defendant's words or by an admission of the facts as recited by the State, as long as the basis exists on the record as a whole. *See id.*; *see also* ***State v. Morton***, 971 S.W.2d 335, 340

> > (Mo.App. E.D. 1998). . . . A factual basis is established where the information or indictment clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant and the defendant admits guilt. ***Bailey v. State***, [191 S.W.3d 52, 55-56 (Mo. App. E.D. 2005)]; ***Ivy v. State***, 81 S.W.3d 199, 202 (Mo.App. W.D. 2002).
>
> ***Martin v. State***, 187 S.W.3d 335, 339 (Mo. App. E.D. 2006).
>
> In the case at bar, [petitioner] expressed his desire to enter a guilty plea by signing a sworn, written statement entitled "Petition to Enter Plea of Guilty." In that petition, [petitioner] represented that:
>
> > 3. I received a copy of the information (charge against me). I read the information and have discussed it with my attorney. My attorney explained every charge to me and I understand that I am charged with **FELONY DWI (B)**. I understand the nature of the charge against me and my lawyer informed me that the range of punishment which the law provides is **FIVE** to **FIFTEEN** years imprison [sic]. . . .
> >
> > 4. I told my lawyer all the facts and circumstances known to me about the charges made against me in the information. I believe that my lawyer is fully informed on all such matters.
> >
> >    . . . .
> >
> > 20. State facts, which cause you to say you are guilty: **KNOWINGLY DROVE A VEHICLE IN NEWTON COUNTY MO W/4 PRIOR ALCOHOL RELATED CONVICTIONS**[.]
> >
> > 21. I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH  FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INFORMATION AND IN THIS PETITION. n.3
> >
> > > n.3 The portions shown in bold type were handwritten on the original. All other portions were pre-printed. [Petitioner] also placed his

-8-

> initials after each of the individual representations listed.

If "knowingly [driving] a vehicle in Newton County[,] [Missouri with four] prior alcohol related convictions" were the only basis for [petitioner]'s guilty plea, he would be entitled to prevail in this appeal. It was not.

The charge [petitioner] swore he read and understood alleged that "on or about the 31st day of March[,] 2007, in the County of Newton, State of Missouri, the defendant operated a motor vehicle on a highway, Ceder [sic] and Granby Miners, while under the influence of alcohol/drugs[.]" [Petitioner] was also no stranger to the elements of a driving while intoxicated charge. During [petitioner]'s plea, his lawyer told the trial court in [petitioner]'s presence that "this is [Petitioner]'s fifth DWI[.]" [Petitioner] made no attempt to challenge the truth of that statement. n.4

> n.4 During the same hearing, [petitioner] also entered a guilty plea in case #07NW-CR01323-01 to driving while intoxicated (as a persistent offender), a class D felony. [Petitioner] was sentenced to four years on that offense, and his sentence was ordered to run concurrent with the six year sentence he received in the instant case. [Petitioner] did not challenge this conviction and sentence in his amended motion in the instant case. As neither his amended motion nor appellate brief refer to the conviction, we do not address it.

When the court asked [petitioner] whether he had consumed alcohol prior to his arrest, [petitioner] said he drank a six-pack of beer earlier in the day. When the court then asked [petitioner] whether he believed he was under the influence of that alcohol when he was stopped, [Petitioner]'s answer was, "It's possible, your Honor." Upon receiving this equivocal response from [petitioner], the court turned to the prosecutor for a recitation of what the State would present as evidence of intoxication.

The prosecutor said the officer who stopped [petitioner] would testify that he smelled a strong odor of intoxicants coming from the vehicle and conducted field sobriety tests. The officer would testify that

> [petitioner] showed six indicators of intoxication on the horizontal gaze nystagmus test; that [petitioner] failed both the "walk and turn test" and "one-legged stand[;]" and that [petitioner] intentionally failed to provide an adequate breath sample for the Breathalyzer. The trial judge found a factual basis for the guilty plea had been established, and when he asked [petitioner] if he was aware of any legal reason why the court should not announce its sentence, [petitioner] replied, "No, sir."
>
> The State's recitation of the evidence it would offer at trial provided a sufficient factual basis for the offense whether the Defendant agreed with it or not. *See* **State v. Taylor**, 929 S.W.2d 209, 217 (Mo. banc 1996); **State v. Morton**, 971 S.W.2d 335, 340 (Mo. App. E.D. 1998). Moreover, the information clearly charged [petitioner] with all the elements of driving while intoxicated and [petitioner] admitted in his plea petition that he was guilty of that offense. *See* **Bailey v. State**, 191 S.W.3d 52, 55-56 (Mo. App. E.D. 2005).
>
> Because the record refutes [petitioner]'s claim that no factual basis existed for his guilty plea, we affirm the motion court's denial of post-conviction relief.

(Respondent's Exhibit G, pp. 1-5).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).[4]

---

[4]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529

Ground 3 is denied, and this case will be dismissed, with prejudice.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

 /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  December 19, 2011.

---

U.S. at 413, 120 S.Ct. at 1523.